IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL SUMMERS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. 5:20-Cv-929 |
| | § | |
| OLDE ENGLAND'S LION & ROSE RIM, | § | |
| LLC. D/B/A THE LION & ROSE BRITISH | § | |
| RESTAURANT AND PUB, AND ALLEN | § | |
| THARP, | § | |
| | | |
| Defendants. | | |

## PLAINTIFF MICHAEL SUMMERS' ORIGINAL COMPLAINT AND JURY DEMAND

### Introduction

1.     This is an action for retaliation under the Families First Coronavirus Response Act (FFCRA), the Emergency Paid Sick Leave Act (EPSLA), and by extension, the Fair Labor Standards Act (FLSA).  Plaintiff Michael Summers was formerly employed by Defendant Olde England's Lion & Rose Rim, LLC d/b/a The Lion & Rose British Restaurant and Pub as a bartender at Defendant's restaurant/bar located at 17627 La Cantera Pkwy, #103, San Antonio, Texas 78257.  Plaintiff experienced COVID-19 symptoms, tested positive for the virus, and sought a leave of absence pursuant to orders that he received from medical professionals to quarantine. Defendant Tharp, acting on behalf of Defendant The Lion & Rose terminated Plaintiff's employment after informing Plaintiff's direct supervisor that Plaintiff had faked his diagnosis in order to have the Fourth of July weekend off.  Defendants discharged Plaintiff shortly thereafter for pretextual reasons.  Plaintiff now brings this action for damages.

## Parties

2.      Plaintiff Michael Summers is an individual residing at 14838 Vance Jackson, Apt. 1201, San Antonio, Texas 78249.  He may be served with papers in this case through the undersigned counsel.

3.      Defendant Olde England's Lion & Rose Rim, LLC d/b/a The Lion & Rose is a limited liability company organized under the laws of the State of Texas.  Defendant Olde England's Lion & Rose Rim, LLC maintains its principal place of business at 16109 University Oak, San Antonio, Texas 78249.  It may be served through its registered agent, Allen Tharp, at 16109 University Oak, San Antonio, Texas 78249.

4.      Defendant Allen Tharp is the owner, manager, and operator of Defendant The Lion & Rose.  Under applicable laws, he is jointly and severally liable with Defendant The Lion & Rose for the violations complained of in this lawsuit.  Defendant Allen Tharp may be served at 16109 University Oak, San Antonio, Texas 78249, or wherever he may be found.

## Jurisdiction and Venue

5.      The Court possesses subject-matter jurisdiction over this case pursuant to 28 U.S.C. Section 1331 because Plaintiff brings his claim under a federal statute, the Emergency Paid Sick Leave Act, which is part of the Families First Coronavirus Response Act, and which incorporates by reference portions of the Fair Labor Standards Act.  The Court has personal jurisdiction over Defendants, as Defendant The Lion & Rose is organized under the laws of the State of Texas and it operates its restaurant/bar in Texas.  Defendant Allen Tharp is a citizen of Texas.  Venue is proper in the Western District of Texas because all of the events giving rise to Plaintiff's claims occurred in Bexar County.

2

**Cause of Action:  Retaliatory Discharge in Violation of FFCRA**

6.      Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 5 supra.

7.      Defendant Tharp operates a restaurant/bar known as the "The Lion & Rose" at The Rim shopping center in San Antonio, Texas.  Defendant is an employer within the meaning of the FFCRA and the EPSLA.  Defendant The Lion & Rose British Restaurant and Pub is owned, operated, and managed by Defendant Tharp.

8.      Starting in January of 2019, Plaintiff was employed by Defendants as a bartender at Defendant's restaurant/bar located at The Rim in San Antonio, Texas.

9.      On or about Friday, July 3, 2020, while working a second job, Plaintiff received a text from his co-worker, Spencer Cox, that Spencer had tested positive for COVID-19.  Because Plaintiff had had close contact with Spencer, Plaintiff immediately contacted his supervisor at Defendant's restaurant to advise that Spencer was positive and request time off.  Plaintiff was initially told to report to work (scheduled to start that evening) since he himself had not tested positive.  Plaintiff questioned this instruction because Spencer had been told to quarantine and to ask those with whom he had been in close contact to quarantine as well.  Plaintiff asked the supervisor to obtain clarification from Defendant Tharp.

10.     Plaintiff contacted another supervisor prior to the commencement of his shift to seek clarification.  When he spoke to this second supervisor, he was informed that Defendant Tharp had stated that Plaintiff and Spencer were faking it in order to get the Fourth of July weekend off.  Plaintiff was instructed to come in to work per instruction from Defendant Tharp.  Indeed, Plaintiff would later learn that Defendant Tharp told the supervisor and one general manager that anyone who did not report to work would be fired.

11.     Uncomfortable coming in, Plaintiff reached out to Defendant Tharp directly. Plaintiff advised that Spencer had in fact tested positive and that he (Plaintiff) was trying to get tested.  Defendant Tharp ultimately instructed Plaintiff not to report to work.   Meanwhile Defendant Tharp instructed his managers to advise any employees who had concerns about reporting to work that Spencer and Plaintiff did not actually test positive.  He also informed his managers that Plaintiff and Spencer were to be fired for unrelated, pretextual reasons.

12.     Plaintiff did not report to work on July 4, and he went for COVID-19 testing that evening, which revealed that Plaintiff was in fact COVID-19 positive.

13.     On July 5, Plaintiff woke up feeling ill.  Fearing that he had been terminated, Plaintiff attempted to log into Hot Schedules.  His access was denied.  Plaintiff reached out to his supervisor, who informed Plaintiff that he had been terminated on Defendant Tharp's instruction.

14.     Plaintiff thereafter reached out to Defendant Tharp via email to inquire about whether he was in fact terminated.  Plaintiff confronted Defendant Tharp about what Plaintiff had heard from the supervisor as well as Defendants' failure to maintain a safe workplace.  Defendant Tharp falsely denied that he had previously given the order to fire Plaintiff but stated that Plaintiff was now terminated.  Defendant has given false reasons for Plaintiff's termination.  The undeniable truth is that Plaintiff was terminated because he requested time off to quarantine and test.

15.     Under Section 5104 of the FFCRA, as amended by Section 3611(8) of the CARES Act, a covered employer may not discharge, discipline, or otherwise discriminate against an employee who takes leave in accordance with the Act; and has filed any complaint or instituted or caused to be instituted any proceeding under or related to the Act.  An employer who willfully

violates Section 5104 shall be considered to be in violation of section 15(a)(3) of the FLSA and is subject to.

16.     As a result of his illegal discharge from employment, Plaintiff has lost wages and benefits for which he now sues.  Under the law, Plaintiff is also entitled to an award of liquidated damages as well as damages for emotional distress, mental anguish, humiliation, and damage to reputation.  Finally, because Plaintiff has been forced to retain legal counsel to vindicate his federally-protected rights, Plaintiff is entitled to an award of attorney fees.

<b>Jury Demand</b>

14.     Plaintiff demands a trial by jury

<b>Conclusion and Prayer</b>

15.     Plaintiff prays that, upon final judgment, he be awarded the following from Defendants, jointly and severally:

  a.  Lost wages and benefits;

  b.  Liquidated damages;

  c.  Compensatory damages for emotional distress, mental anguish, humiliation, and damage to reputation;

  d.  Attorney fees;

  e.  Costs of court;

  f.  Post-judgment interest; and

  g.  All other relief to which he is entitled.

Respectfully submitted,


/s/ MICHAEL V. GALO, JR.
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
MICHAEL SUMMERS